# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**ORIGINAL**

## I. (a) PLAINTIFFS
Allan Gallagher

## DEFENDANTS
United Air Lines, Inc.

**(b)** County of Residence of First Listed Plaintiff: San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08-3235 EDL

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kathleen A. McCormac, James R. Grant
McCormac & Associates
655 Montgomery Street, Ste 1200, San Francisco, CA 94111
Tel: 415-399-1722; Fax: 415-399-1733

Attorneys (If Known)
Kari Erickson Levine, Andrew M. McNaught
Seyfarth Shaw, LLP
560 Mission Street, Ste 3100, San Francisco, CA 94105
Tel: 415-397-2823; Fax: 415-397-8549

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State. | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R.& Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA(1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sections 1332(a), 1441 & 1446 (diversity)

Brief description of cause:
Defend complaint of disability discrimination (FEHA)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE: July 3, 2008
SIGNATURE OF ATTORNEY OF RECORD: Andrew M. McNaught

American LegalNet, Inc.
www.FormsWorkflow.com

**ORIGINAL**

SEYFARTH SHAW LLP
Kari Erickson Levine (State Bar No. 146101)
Andrew M. McNaught (State Bar No. 209093)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
UNITED AIR LINES, INC.

**FILED**
JUL - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 08 3235 EDL

| | |
|---|---|
| ALLAN GALLAGHER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., and DOES 1 to 10, inclusive,<br><br>    Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>(San Francisco Superior Court Case No.: CGC08-475459) |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant United Airlines, Inc. hereby files this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446 in order to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of San Francisco, and state that the removal is proper for the following reasons:

**TIMELINESS OF REMOVAL**

1. On or about May 19, 2008, Plaintiff Allan Gallagher ("Plaintiff") filed a Complaint For Damages against Defendant United Airlines, Inc. ("United" or "Defendant"), and

1
Notice of Removal to the United States District Court for the Northern District

1 DOES 1-10 in the Superior Court of the State of California, County of San Francisco, Case No. CGC08-475459. A true and correct copy of the Summons and Complaint filed in the state court is attached as Exhibit A.

2. The Complaint for Damages was served on Defendant on June 4, 2008. No other Complaint has been served on Defendant. This Notice of Removal is timely filed as it is filed within thirty (30) days of June 4, 2008, the date of service of the Summons and Complaint for Damages. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

3. The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. Section 1441(a) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

## PLAINTIFF'S CITIZENSHIP

Plaintiff is a California Citizen

4. Defendant is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

## DEFENDANT'S CITIZENSHIP

United Airlines, Inc. is Not a California Citizen

5. United Airlines, Inc. is now, and was at the time of the filing of this action, incorporated in the State of Delaware and has its principal place of business in Illinois. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

6. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a

citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

7.     Defendant is, therefore, not a resident or citizen of the State of California.

## AMOUNT-IN-CONTROVERSY

8.     While Defendant denies any liability as to Plaintiff's claims, the amount-in-controversy requirement is satisfied because it is "more likely than not" that the amount-in-controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F. 3d 856, 862 (9th Cir. 1996) (internal citation omitted). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. Section 1332(a).

A.     Damages. Plaintiff alleges disability discrimination and failure to accommodate under the California Fair Employment and Housing Act ("FEHA") arising out of Defendant's alleged refusal in or about February 2007 and May 2007 to permit him to return to work following a disability leave of absence. (Complaint, ¶¶ 13-17). Plaintiff seeks damages for loss of past and future earnings, loss of past and future benefits, and for emotional distress. (Complaint, ¶ 23). Plaintiff also seeks punitive damages. (Complaint, ¶ 25; Prayer For Relief, ¶ e). Punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). In this case, the FEHA allows recovery of punitive damages. *See Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998).

B.     Attorneys' Fees. Plaintiff also claims that he is entitled to attorneys' fees. (Complaint, ¶ 24). Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory.)

9.     Accordingly, since this action involves citizens of different states and the amount-

3

Notice of Removal to the United States District Court for the Northern District

1 in-controversy exceeds $75,000, the requirements for removal under 28 U.S.C. Sections 1332(a)
2 and 1441(a) are satisfied and this Court has original jurisdiction.

## VENUE

4  10.  Venue lies in the Northern District of this Court pursuant to 28 U.S.C. Sections 1441(a), 1446(a) and 84(c). This action originally was brought in the Superior Court of the State of California, County of San Francisco. Plaintiff's claims arose out of his employment in San Francisco County, and Defendant is informed and believes that Plaintiff resides in San Francisco County.

## NOTICE OF REMOVAL

11.  This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco.

12.  In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. They are the Summons and Complaint for Damages (Exhibit A) and the Answer (Exhibit B).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.

DATED: July 3, 2008

SEYFARTH SHAW LLP

By_____
Kari Erickson Levine
Andrew M. McNaught

Attorneys for Defendant
UNITED AIR LINES, INC.

4
Notice of Removal to the United States District Court for the Northern District

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED AIR LINES, INC., and DOES 1 to 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALLAN GALLAGHER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: CGC-08-475459

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street, Room 103, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kathleen A. McCormac (Bar # 159012)     Phone No. (415) 399-1722
McCormac & Associates                   Fax No. (415) 399-1733
655 Montgomery Street, Suite 1200, San Francisco, CA 94111-2650

DATE: MAY 1 9 2008                Clerk, by _____, Deputy
*(Fecha)*                         *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council*



KATHLEEN A. McCORMAC (#159012)
JAMES R. GRANT (#254885)
McCORMAC & ASSOCIATES
655 Montgomery Street, Suite 1200
San Francisco, CA 94111
Tel: (415) 399-1722
Fax: (415) 399-1733

Attorneys for PLAINTIFF
ALLAN GALLAGHER

## IN THE SUPERIOR COURT OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ALLAN GALLAGHER,<br><br>    PLAINTIFF,<br><br>vs.<br><br>UNITED AIR LINES, INC., and DOES 1 to 10, inclusive,<br><br>    DEFENDANT(S). | Case No.:<br><br>CGC - 08 - 475459<br><br>1) DISABILITY DISCRIMINATION: CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOV'T CODE §§12940 ET SEQ.);<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Now comes ALLAN GALLAGHER ("PLAINTIFF") in the above styled action, and files this Complaint and further shows the court as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. PLAINTIFF is a resident of San Francisco, California.

2. UNITED AIR LINES, INC. ("DEFENDANT UNITED") is a corporation, has a place of business and is and has been doing business at San Francisco International Airport, San Francisco, CA 94128 and is therefore subject to the jurisdiction of this Court. DEFENDANT UNITED may be served with Summons and Complaint through its registered agent for service, The Prentice-Hall Corporation System, Inc., at P.O. Box 526036, Sacramento, CA 95852.

3. DEFENDANTS DOES 1-10, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. PLAINTIFF is informed and believes and

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

McCORMAC & ASSOCIATES

thereon alleges that each of these fictitiously-named DEFENDANTS are responsible in some way for the occurrences herein alleged and PLAINTIFF'S damages as herein alleged were caused by DEFENDANTS. . When the true names of DOES 1-10 are ascertained, PLAINTIFF will amend his Complaint by inserting their true names and capacities herein.

4. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT UNITED is an employer subject to suit under the California Fair Employment and Housing Act (California Government Code §§12940 et seq., hereinafter referred to as the "FEHA").

## JURISDICTION AND VENUE

5. Plaintiff brings this action pursuant and under the provisions of the California Fair Employment and Housing Act (California Government Code §§12940 et seq., hereinafter referred to as the "FEHA").

6. Jurisdiction and subject matter in this action are proper as the amount in controversy, as set forth in the Complaint, exceeds the minimum jurisdictional threshold of this Court.

7. Venue is proper as all actions relevant to this Complaint took place in San Francisco County, California.

8. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT UNITED is an employer subject to suit under FEHA. DEFENDANT UNITED has at all relevant times been engaged in an industry in the State of California, and has employed five (5) or more employees in the current or preceding calendar year, and is therefore subject to the provisions of FEHA.

9. Within the time provided by law, in or about May 2007, PLAINTIFF made a complaint of disability discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and cross filed with the Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"). PLAINTIFF received a "Right to Sue" notice from the DFEH on June 6, 2007.

## FIRST CAUSE OF ACTION

### Disability Discrimination

-2-

COMPLAINT AND DEMAND FOR JURY TRIAL

(Against DEFENDANT UNITED In Violation of California Government Code §§12940 et seq.)

10. By this reference, PLAINTIFF hereby incorporates paragraphs 1-9 of this document as if they were set forth within this Cause of Action.

11. At all times herein mentioned, the FEHA was in full force and effect and was binding upon DEFENDANT UNITED. The FEHA requires DEFENDANT UNITED to refrain from discriminating against an employee on the basis of a physical disability, among other things. PLAINTIFF is a qualified individual with a disability as defined by the FEHA. Within the time provided by law, PLAINTIFF filed a charge of discrimination with the DFEH alleging that he had been subjected to discrimination on the basis of his disabilities.

12. DEFENDANT UNITED employed PLAINTIFF from in or about 1996. At all times during PLAINTIFF'S tenure with DEFENDANT UNITED, PLAINTIFF performed his duties as a Ramp Agent in an exemplary fashion.

13. PLAINTIFF received an injury to his upper extremities while working for DEFENDANT UNITED.

14. On or about February 14, 2007, PLAINTIFF was cleared by his physician to return to his former position of employment. Following his release to return to work, PLAINTIFF requested that DEFENDANT UNITED restore him to his former position of employment.

15. DEFENDANT UNITED informed PLAINTIFF that no employment would be made available to him due to his disability.

16. On or about May 29, 2007, PLAINTIFF, by and through his attorneys, again requested that DEFENDANT UNITED return PLAINTIFF to work.

17. On or about July 9, 2007, DEFENDANT UNITED returned PLAINTIFF to work as a Storekeeper.

18. DEFENDANT UNITED willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by failing to engage in the interactive process with PLAINTIFF.

19. DEFENDANT UNITED willfully and/or with reckless indifference violated the FEHA

-3-

McCORMAC & ASSOCIATES

COMPLAINT AND DEMAND FOR JURY TRIAL

and discriminated against PLAINTIFF by failing to make reasonable accommodations to and for the known or perceived disability of PLAINTIFF.

20. DEFENDANT UNITED willfully and/or with reckless indifference violated the FEHA and discriminated against PLAINTIFF by refusing to allow PLAINTIFF to return to work.

21. DEFENDANT UNITED was aware of PLAINTIFF'S disability, and PLAINTIFF believes and thereon alleges the substantial, but not the only, factor in DEFENDANT UNITED'S decision to refuse to allow PLAINTIFF to work was because of UNITED'S disability. Such discrimination has resulted in damage to PLAINTIFF as alleged herein.

22. PLAINTIFF is informed and believes that in addition to the practices enumerated in this Cause of Action, DEFENDANT UNITED has engaged in other discriminatory practices that are not fully known by PLAINTIFF.

23. As a direct, foreseeable, and proximate result of DEFENDANT UNITED'S discriminatory acts, PLAINTIFF has suffered and continues to suffer substantial losses and earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

24. Pursuant to the FEHA, PLAINTIFF demands that DEFENDANT UNITED pay reasonable attorneys' fees and costs as a part of the cost of this litigation.

25. DEFENDANT UNITED committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring PLAINTIFF and acted with an improper and evil mode amounting to malice, in a conscious disregard for PLAINTIFF'S rights. The acts taken towards PLAINTIFF were carried out by managerial employees acting in a despicable, cold, callous and intentional manner in order to injure and damage PLAINTIFF. As a result of DEFENDANT UNITED'S discriminatory acts as alleged herein, PLAINTIFF has no claim adequate or complete remedy of law as DEFONDANT UNITED continues to engage in said alleged wrongful

-4-

COMPLAINT AND DEMAND FOR JURY TRIAL

practices, therefore, PLAINTIFF requests:

(a) That PLAINTIFF be made whole and afforded all benefits attended thereto that would have been afforded to PLAINTIFF but for said discrimination; and,

(b) That DEFENDANT UNITED, their agents, successors, employees, and those acting in concert with DEFENDANT UNITED are enjoined permanently from engaging in each of the unlawful practices, policies, usage and customs set forth herein.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF makes the following demand:

(a) That process be issued and served as provided by law, requiring DEFENDANTS to appear and answer or face judgment;

(b) That PLAINTIFF have and recover a judgment against DEFENDANTS in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages for violation of the FEHA (California Government Code §§12940 et seq.);

(c) That PLAINTIFF have and recover a judgment against DEFENDANTS in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees, costs and pre and post judgment interest; and

(d) That PLAINTIFF has such other relief, as this Court deems just and appropriate.

(e) That PLAINTIFF have and recover a judgment against DEFENDANTS for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANTS.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: May 19, 2008

McCORMAC & ASSOCIATES

JAMES R. GRANT
Attorneys for PLAINTIFF

1 | SEYFARTH SHAW LLP
2 | Kari Erickson Levine (State Bar No. 146101)
  | Andrew M. McNaught (State Bar No. 209093)
3 | 560 Mission Street, Suite 3100
  | San Francisco, California 94105
4 | Telephone: (415) 397-2823
  | Facsimile: (415) 397-8549

5 | Attorneys for Defendant
  | UNITED AIR LINES, INC.

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUL 03 2008

GORDON PARK-LI, Clerk
WESLEY RAMIRES
By: _____ Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| ALLAN GALLAGHER, | ) Case No. CGC08-475459 |
|---|---|
| Plaintiff, | ) **DEFENDANT UNITED AIR LINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| v. | ) |
| UNITED AIR LINES, INC., and DOES 1 to 10, inclusive, | ) |
| Defendant. | ) |

Defendant UNITED AIR LINES, INC., ("Defendant") hereby answers the Complaint of Plaintiff ALLAN GALLAGHER ("Plaintiff") as follows:

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every allegation and cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

Separately, and as defenses to each of the purported causes of action alleged against Defendant in Plaintiff's Complaint, Defendant alleges as follows:

### FIRST DEFENSE

(Failure to State a Cause of Action – First Cause of Action)

The Complaint fails to allege facts sufficient to constitute a cause of action against Defendant.

1

1 | **SECOND DEFENSE**

2 | (Statutes of Limitations – First Cause of Action)

3 | Plaintiff's causes of action are barred in whole or in part to the extent he commenced this
4 | action after the applicable statute of limitations, including, but not limited to the statutes of
5 | limitations in California Government Code §§ 12960 and 12965 *et seq.*, California Code of Civil
6 | Procedure §§ 335.1 and 338.

7 | **THIRD DEFENSE**

8 | (Plaintiff's Failure to Exhaust Internal Grievance Procedures – First Cause of Action)

9 | Plaintiff's causes of action are barred in whole or in part to the extent he failed to exhaust
10 | Defendant's available internal dispute-resolution procedures before filing the Complaint.

11 | **FOURTH DEFENSE**

12 | (Plaintiff's Failure to File Timely Administrative Charge – First Cause of Action)

13 | Plaintiff's causes of action are barred in whole or in part to the extent he failed to file a
14 | proper charge with an appropriate administrative agency within the required legal deadlines,
15 | including but not limited to the deadlines under Government Code §§ 12940 *et seq.*

16 | **FIFTH DEFENSE**

17 | (Plaintiff's Failure to Exhaust Administrative Remedies – First Cause of Action)

18 | Plaintiff's causes of action are barred in whole or in part to the extent he failed to exhaust
19 | required administrative procedures or remedies or otherwise failed to complete, in a timely
20 | manner, those steps that are a necessary prerequisite to the filing of the Complaint.

21 | **SIXTH DEFENSE**

22 | (Scope of Administrative Charge – First Cause of Action)

23 | Plaintiff's causes of action are barred in whole or in part to the extent the Complaint's
24 | allegations do not appear in any timely and proper administrative charge filed by Plaintiff before
25 | commencing this lawsuit.

26 | ///
27 | ///
28 | ///

Answer to Complaint/Case No. CGC08-475459

**SEVENTH DEFENSE**

(Workers' Compensation Preemption – First Cause of Action)

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the California Workers' Compensation Act. Cal. Lab. Code §§ 132a and 3200 et seq.

**EIGHTH DEFENSE**

(Laches, Unclean Hands, Waiver, and Estoppel – First Cause of Action)

Plaintiff is not entitled to any relief to the extent he forfeited his right to relief under the doctrines of laches or unclean hands, waived his right to relief, or is estopped from seeking the relief requested in the Complaint.

**NINTH DEFENSE**

(Same Decision – First Cause of Action)

Even if any employment decision Defendant made or any employment action Defendant took with respect to Plaintiff is found to have been unlawfully motivated, which Defendant specifically denies, Plaintiff's claims are barred in whole or in part to the extent the decisions and actions would have occurred in the absence of that motivation.

**TENTH DEFENSE**

(Business Necessity – First Cause of Action)

Defendant fulfilled whatever obligations it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business needs and necessities.

**ELEVENTH DEFENSE**

(Inability to Perform Essential Duties – First Cause of Action)

Any recovery is barred because Plaintiff was unable to carry out the essential duties of his employment, with or without reasonable accommodation.

**TWELFTH DEFENSE**

(Undue Hardship – First Cause of Action)

The accommodation Plaintiff demanded would have caused Defendant undue hardship.

3

Answer to Complaint/Case No. CGC08-475459

## THIRTEENTH DEFENSE

(Danger to Health or Safety-First Cause of Action)

Plaintiff's claims are barred to the extent that he could not perform the essential function of his job, even with reasonable accommodation, in a manner that would not endanger the health or safety of Plaintiff and/or others.

## FOURTEENTH DEFENSE

(Good Faith Efforts – First Cause of Action)

Neither compensatory nor punitive damages may be awarded against Defendant due to its good faith efforts regarding reasonable accommodations for Plaintiff.

## FIFTEENTH DEFENSE

(Failure to Mitigate – First Cause of Action)

Defendant is informed and believes and thereon alleges that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages that he allegedly suffered, but Plaintiff failed and refused to exercise reasonable efforts to mitigate his damages.

## SIXTEENTH DEFENSE

(Punitive Damages Provisions Unconstitutional – First Cause of Action)

On their face and as applied to the Complaint, the provisions of Civil Code §§ 3294 *et seq.* violate Defendant's rights under the Due Process clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague; and, (2) the Civil Code provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

## SEVENTEENTH DEFENSE

(No Punitive Damages for Good Faith Conduct – First Cause of Action)

Plaintiff is not entitled to recover any punitive damages against Defendant for decisions or actions that are contrary to the policies that Defendant instituted in good faith against wrongful or unlawful conduct.

4

Answer to Complaint/Case No. CGC08-475459

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit herein incurred; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: July 3, 2008

SEYFARTH SHAW LLP

By /s/ Andrew M. McNaught
Kari Erickson Levine
Andrew M. McNaught

Attorneys for Defendant
UNITED AIR LINES, INC.

---

5

Answer to Complaint/Case No. CGC08-475459

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss
COUNTY OF SAN FRANCISCO    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On July 3, 2008, I served the within documents:

DEFENDANT UNITED AIR LINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ I sent such document from facsimile machine (415) 397-8549 on July 3, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Kathleen A. McCormac
James R. Grant
McCormac & Associates
655 Montgomery Street Suite 1200
San Francisco, Ca 94111
Tel: (415) 399-1722
Fax: (415) 399-1733

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 3, 2008, at San Francisco, California.

_Juliana Blackwell_
Juliana Blackwell

Proof of Service-Case No. CGC08-475459